IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ERIC REED, | : | |
| Plaintiff | : | |
| VS. | : | 1 : 06-CV-126 (WLS) |
| LT. TOLBERT, CO II COX, | : | |
| Defendants. | : | |

**RECOMMENDATION**

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 is the defendants' Motion to Dismiss, converted by the undersigned to a Motion for Summary Judgment, based on the presence and reliance on matters outside the pleadings. The undersigned notified the plaintiff of the filing of the defendants' motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order. The plaintiff has failed to respond to this motion.

The plaintiff, currently serving a fifty (50) year sentence for rape, aggravated child molestation and child molestation, filed this action in September 2006, alleging that he was attacked by a fellow prisoner while confined at Calhoun State Prison and that the defendants knew of yet failed to take actions to prevent the attack. The defendants maintain that the plaintiff failed to fully exhaust the grievance procedure in regard to his claims.

*Standard of review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

the moving party is entitled to judgment as a matter of law." All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the parties moving for summary judgment, the defendants have the initial burden to demonstrate that no genuine issue of material fact remains in this case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991). The defendants allege, supported by the plaintiff's prison grievance history and the affidavit testimony of Debra Edwards, an administrative assistant at Calhoun State Prison, that the plaintiff filed an initial informal grievance regarding the claims underlying this lawsuit on September 21, 2004. This grievance was denied as untimely filed. Five months later, on February 1, 2005, the plaintiff filed a second informal grievance in regard to the events underlying this lawsuit. This grievance was also denied, and plaintiff then requested a formal grievance form. He filed this formal grievance on February 14, 2005. The warden denied the grievance as being untimely and the plaintiff did not file an appeal of this decision.

The PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a).

In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. Moore v. Smith, 18

2

F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). Herein, the plaintiff clearly dropped his grievance, voluntarily, prior to completing the appellate process. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Inasmuch as the plaintiff has failed to rebut the defendants' summary judgment showing the court must conclude that the claims underlying this action remain unexhausted, therefore barring a § 1983 action based thereon. Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000) ("when a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit."). Accordingly, it is the recommendation of the undersigned that the defendants' Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 14th day of January, 2008.

/s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb